UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| LISA PARKER,<br><br>    Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK, N.A.,<br><br>    Defendant. | Case No.:  2:18-cv-16040-WHW-CLW<br><br>FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>1. TCPA, 47 U.S.C. § 227<br>2. Invasion of Privacy/Intrusion Upon Solitude, Harassment and Stalking |

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Lisa Parker, ("Plaintiff"), through her attorneys, alleges the following against Defendant, Capital One Bank, N.A. ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy, Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts §

652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns…that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Jurisdiction of the Court arises under 47 U.S.C. §227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)* in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendant transacts business here, therefore, personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Bergenfield, Bergen County, New Jersey.

7. Defendant, Capital One Bank, N.A., is a credit card provider with its headquarters located in Virginia and regularly transacts business throughout the United States and New Jersey. Defendant may be served with process through its agent, Corporation Service Company at 100 Shockoe Slip, 2nd Floor, Richmond, Virginia 23219.

8. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Defendant is attempting to collect a debt from Plaintiff.

10. In or around August 2017, Defendant began placing calls to Plaintiff's cellular phone number (845) 653-6554, in an attempt to collect an alleged debt.

11. The calls mainly originated from phone number (800) 955-6600, upon information and belief, this number is owned or operated by Defendant.

12. On or about August 17, 2017, at 8:33 a.m., Plaintiff answered a call from Defendant originating from telephone number (800) 955-6600; Plaintiff heard a short pause before one of Defendant's agents began to speak, indicating the use of an automated telephone dialing system.

13. Defendant informed Plaintiff that it was calling in an attempt to collect a debt. During this phone call, Plaintiff unequivocally revoked consent to be contacted on her cellular phone any further.

14. That request was ignored, and Plaintiff continued to receive phone calls from the Defendant through February 2018.

15. The Federal Communications Commission ("FCC") noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *2003 TCPA Order,* 18 FCC Rcd at 14091, para. 131.

16. The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." *Id.*

17. Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress.'" *Id.* at 14091-92, paras. 132-133.

18. Defendant attempted to predict when Plaintiff was available by calling her at 8:20 a.m. (September 1, 2017), 8:03 a.m. (September 3, 2017), 8:54 a.m. (September 7, 2017), 9:45 a.m. (September 8, 2017), and 9:57 a.m. (September 9, 2017).

19. The constant phone calls from Defendant has caused Plaintiff emotional distress as the phone would ring multiple times a day and continue to ring even after Plaintiff's request to stop calling.

20. Plaintiff works at the hospital and she would receive several calls a day while working. The phone calls were extremely disruptive during her work day and would interrupt her while she was with patients.

21. Plaintiff is required to keep her phone with her at all times to communicate with doctors, and Defendant's constant phone calls on a daily basis would disrupt her work.

22. Plaintiff has two (2) young children and Defendant would call Plaintiff early in the morning and disrupt her children's sleep.

23. The aggressive and harassing nature of the Defendant's made it difficult for Plaintiff to use her cellular phone without being worried about further calls from Defendant.

24. Between August 2017 and February 2018, Defendant has contacted Plaintiff on her cellular phone approximately two hundred and nine (209) times, despite Plaintiff revoking to be contacted on her cellular phone on August 17, 2017 at 8:33 a.m.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

    a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular phone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

27. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00) for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

**(Invasion of Privacy/Intrusion Upon Solitude, Harassment and Stalking)**

28. Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Defendant intentionally intruded upon Plaintiff's solitude, seclusion or private affairs and concerns. Defendant's intrusion would be highly offensive to a reasonable person and was unwarranted and unjustified.

30. Specifically, Defendant called Plaintiffs in a frequent and daily manner with intent to harass them and invade their privacy and seclusion. Defendant was on notice that Plaintiffs could not receive calls at work and ignored her request by continuing to bother and harass her at work and while she was at home with her two young children.

31. As a result, Plaintiffs suffered injury as a proximate cause of intrusion.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Lisa Parker, respectfully requests judgment be entered against Defendant, Capital One Bank, N.A., for the following:

A. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

B. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

C. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: January 23, 2019          By:     */s/ Alla Gulchina*
                                         Alla Gulchina, Esq.
                                         **PRICE LAW GROUP, APC**
                                         86 Hudson Street
                                         Hoboken, NJ 07030
                                         Phone: 818.600.5566
                                         Fax: 818.600.5466
                                         Email: alla@pricelawgroup.com
                                         *Attorney for Plaintiff*,
                                         *Lisa Parker*